D/f

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

                          **MEMORANDUM & ORDER**

                          **10-CR-820 (NGG)**

-against-

ANDRE COLLIER,

    Defendant.

------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Andre Collier's request that the court order the production of records from the New York City Civilian Complaint Review Board ("CCRB") for seventeen police department employees. For the following reasons, Defendant's motion is DENIED.

## I. BACKGROUND

Defendant is charged with two counts of conspiracy to distribute cocaine and cocaine base, two counts of unlawful use of firearms, one count of drug-related murder, and one count of firearm-related murder. (See Superseding Indictment (Dkt. 65).) Trial is scheduled to begin February 11, 2013. (Sept. 6, 2012, Minute Entry (Dkt. 96).)

In advance of trial, Defendant requests that the court order the CCRB "to provide certain potential Brady/Giglio information pertaining to likely government witnesses" pursuant to New York Civil Rights Law ("NYCRL") § 50-a ("Section 50-a"). (See Jan. 3, 2013, Def. Ltr. at 1.) Defendant identifies seventeen police employees who "were each involved in the investigation of the murder of Earl Mangin, with which Mr. Collier is charged, and are expected to testify." (Id.) According to Defendant, these officers' CCRB records are "potentially relevant to their

1

credibility and bias and also may be relevant to whether they adequately complied with relevant procedures and law in conducting the investigation." (Id.) He asks for an in camera review and, "consistent with the requirements of [NYCRL] Section 50-a, their subsequent production to the defense for use at trial." (Id.) Defendant clarifies that although he requests that the court initially obtain the records of all seventeen potential witnesses, he "will only seek production of the CCRB records for those witnesses whom the government plans to call at trial." (Id. at 1 n.1)

The Government opposes Defendant's request. (See Jan. 6, 2013, Gov't Ltr. (Dkt. 118) at 1.) Focusing on Defendant's request for impeachment material, the Government proffers that it "will, as is its customary practice, make any Giglio disclosures sufficiently in advance of the witness's testimony to avoid delay at trial," rendering any court order unnecessary. (Id.)

## II. DISCUSSION

### A. NYCRL Section 50-a

NYCRL Section 50-a presumptively prevents disclosure of city employees' personnel files "except as may be mandated by lawful court order." NYCRL § 50-a(1). The state law mandates that "[n]o such [court] order shall issue without a clear showing of facts sufficient to warrant the judge to request records for review." Id. § 50-a(2). After such a showing, the court then reviews the file and decides whether the records are "relevant and material" in the action before it and thus warrant disclosure. Id. § 50-a(3).

Section 50-a is most often invoked by defendants in "non-criminal civil rights litigation who seek to prevent disclosure of state officers' personnel files." United States v. Nogbou, No. 07-CR-814 (JFK), 2007 WL 4165683, at *5 (S.D.N.Y. Nov. 19, 2007). Although "federal common law provides for some consideration of state law privileges," the protections of Section 50-a "do[] not govern discovery in federal cases." Mercado v. Div. of N.Y. State Police, 989 F.

2

Supp. 521, 522 (S.D.N.Y. 1998). "[F]ederal courts evaluating claims to privilege under Section 50-a conduct a balancing test that weighs 'the plaintiff's interests in disclosure against the state's legitimate concern of protecting the confidentiality of the officers' personnel files from unnecessary intrusions.'" Moore v. City of New York, No. 11-CV-5083 (ALC) (JLC), 2012 WL 2190551, at *2 (S.D.N.Y. June 15, 2012) (citation omitted).

But the court is not aware of any case authorizing a federal criminal defendant's use of Section 50-a to require disclosure of CCRB files. See Nogbou, 2007 WL 4165683, at *5 ("At the outset, the Court notes that it could find no federal criminal case in which section 50-a(2) is invoked, let alone invoked by a criminal defendant as authority for the defendant's request to permit disclosure of an officer's personnel files."). Indeed, Section 50-a is not an independent source of discovery, but a source of privilege used to *contest* requests issued pursuant to *separate* authority authorizing disclosure. See, e.g., Smith v. Goord, 222 F.R.D. 238, 240 (N.D.N.Y. 2004) (describing the defendants' use of Section 50-a to resist "otherwise permissible discovery"); King v. Conde, 121 F.R.D. 180, 186 (E.D.N.Y. 1988) (describing the defendants' invocation of Section 50-a to contest plaintiff's "interrogatories and document demands"); cf. United States v. Nelson, No. 10-CR-414 (PKC), 2011 WL 2207584, at *4-5 (S.D.N.Y. June 3, 2011) (quashing subpoena proposed under Federal Rule of Criminal Procedure 17(c) seeking impeachment material in CCRB files). It is anomalous for a federal criminal defendant to supplant the federal discovery rules and attempt to utilize a state law—which creates a presumptive privilege *against* disclosure—to order the production of confidential information for his benefit. Tellingly, Defendant does not cite a single case in support for this request. For this reason alone, the court could deny Defendant's motion.

But even if Defendant had authority to invoke Section 50-a, he fails to satisfy the

3

statute's own terms.[1] Section 50-a(2) provides that a court may conduct an in camera inspection only *after* it has determined that there is a "clear showing of facts sufficient to warrant . . . [the] review." NYCRL § 50-a(2); see also id. § 50-a(3) ("If . . . the judge concludes there is a sufficient basis he shall sign an order . . . . He shall *then review the file* and make a determination as to whether the records are relevant and material in the action before him." (emphasis added)).

Defendant concedes that the records he seeks are only: (1) "potentially relevant" to the credibility of witnesses who are "expected" to testify at trial; and (2) "may be relevant" to whether procedures were followed. (Jan. 3, 2013, Def. Ltr. at 1; see also id. (requesting that the court order the CCRD "to provide certain *potential* Brady/Giglio information pertaining to *likely* government witnesses" (emphases added)).) For this request to produce "relevant and material" information: (1) Defendant's speculation as to who will testify must be correct; (2) the CCRB must have a file on these witnesses; and (3) the file must contain information impeaching the witnesses' credibility. This does not amount to a "clear showing of facts" sufficient to warrant an in camera review, but is closer to a "fishing expedition," which Section 50-a is intended to *prevent*, not authorize. Dorsett v. Cnty. of Nassau, 762 F. Supp. 2d 500, 531 (E.D.N.Y. 2011) (quoting King, 121 F.R.D. at 192).

### B. Brady and Giglio Obligations

Although Defendant expressly makes the instant request "pursuant to New York Civil Rights Law Section 50-a" (Jan. 3, 2013, Def. Ltr. at 1), the fact that he may not utilize this

---

[1] As Defendant requests to affirmatively use Section 50-a as a source of discovery, the court must directly apply that statute if it is to apply it at all. This is contrary to the typical non-criminal context in which, because of Federal Rule of Evidence 501, federal courts look only to Section 50-a in the "spirit of comity" and perform their own balancing tests. See King, 121 F.R.D. at 187-88. This strange posture—the application of a state law that is normally not binding on federal courts—further illustrates the oddity of Defendant's request.

4

statute of course does not relieve the Government of its customary Brady and Giglio duties. The court will hold the Government to its proffer that it "will, as is its customary practice, make any Giglio disclosures sufficiently in advance of the witness's testimony to avoid delay at trial." (Jan. 6, 2013, Gov't Ltr. at 1.) And because the Government's letter focuses on its specific Giglio obligations and does not mention Brady more generally, the court reminds the Government of its duty to timely disclose Brady material "in its files and in the files of related agencies reasonably expected to have possession of such information." United States v. Coppa, 267 F.3d 132, 140 (2d Cir. 2001) (citing Kyles v. Whitley, 514 U.S. 419, 438 (1995)).

## III. CONCLUSION

Defendant's request for a court-ordered subpoena mandating the production of seventeen police officers' CCRB files is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
January _8_, 2013

NICHOLAS G. GARAUFIS  
United States District Judge